# In the United States Court of Federal Claims

No. 18-1270C
Filed: February 5, 2019
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| BARBARA J. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; RCFC 12(b)(1); Subject-Matter |
| v. | ) | Jurisdiction; Claims Against Parties Other |
| | ) | Than The United States; Tort Claims; |
| THE UNITED STATES, | ) | Criminal Law; Civil Rights. |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Barbara J. Riley*, Jacksonville, FL, plaintiff *pro se*.

*Reta E. Bezak*, Trial Attorney, *Tara K. Hogan*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.   INTRODUCTION

Plaintiff *pro se*, Barbara J. Riley, brought this action seeking monetary damages and other relief from, among others, the United States in connection with certain civil actions that she previously filed before several federal courts. *See generally* Compl. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

Plaintiff *pro se*, Barbara J. Riley commenced this action on August 21, 2018.  *See generally* Compl.  Plaintiff's complaint is difficult to follow.  But, plaintiff appears to allege that certain federal judges and other government officials engaged in improper or illegal conduct in connection with the disposition of four civil actions that she filed before various federal courts.  *Id.*  In this regard, plaintiff names the United States and the following 13 individuals as party defendants in the complaint:  (1) Carol Bagley Amon, United States District Court Judge for the Eastern District of New York; (2) Julie E. Carnes, Senior United States Circuit Judge of the United States Court of Appeals for the Eleventh Circuit; (3) Susan L. Carney, United States Circuit Judge of the United States Court of Appeals for the Second Circuit; (4) Denny Chin, United States Circuit Judge of the United States Court of Appeals for the Second Circuit; (5) Brian M. Cogan, United States District Court Judge for the Eastern District of New York; (6) Marcia Morales Howard, United States District Court Judge for the Middle District of Florida; (7) Dora Lizette Irizarry, Chief United States District Court Judge for the Eastern District of New York; (8) Debra Ann Livingston, United States Circuit Judge of the United States Court of Appeals for the Second Circuit; (9) Roanne L. Mann, Chief Magistrate Judge for the Eastern District of New York; (10) Kevin C. Newsom, United States Circuit Judge of the United States Court of Appeals for the Eleventh Circuit; (11) Robin S. Rosenbaum, United States Circuit Judge of the United States Court of Appeals for the Eleventh Circuit; (12) Robert D. Sack, Senior United States Circuit Judge of the United States Court of Appeals for the Second Circuit; and (13) Ralph K. Winter, Senior United States Circuit Judge of the United States Court of Appeals for the Second Circuit.  *See id.* at 1.

Prior to commencing this action, plaintiff filed several civil cases before the United States District Court for the Eastern District of New York; the United States District Court for the Middle District of Florida; the United States Court of Appeals for the Second Circuit; and the

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex.") and the government's motion to dismiss ("Def. Mot.").  In addition to filing a complaint, plaintiff set forth some of her claims by hand on the Court's complaint form ("Compl. Form").  Unless otherwise noted herein, the facts recited are undisputed.

United States Court of Appeals for the Eleventh Circuit. *See generally* Compl.; Pl. Exs. 1-9. All of these cases were ultimately dismissed. Compl. at ¶¶ 5-6.[2]

In the complaint, plaintiff asserts several claims related to the dismissal of her prior cases. First, plaintiff alleges that the "named thirteen (13) federal judges, jointly or severally, unconstitutionally dismissed and severely damaged all four (4) U.S.A. Congress Authorized Verified Complaints under color of federal law in their individual and presiding judge capacities in federal courts . . . ." *Id.* at ¶ 6. Second, plaintiff alleges that the individually-named defendants "acted in collusion, unconstitutionally or negligently failed to perform their judicial functions" by dismissing her cases. *Id.* at ¶ 19.

Third, plaintiff alleges that the individually-named defendants "acted in excess of their jurisdiction [t]aking [p]laintiff's two pieces of real properties, directly or indirectly, without a single court hearing and without due process." *Id.* at ¶ 20. In addition, plaintiff alleges that the United States negligently failed to train, hire, or properly supervise "law-abiding, competent, fair and impartial judicial officers, clerks of court and law clerks." *Id.* at ¶¶ 35, 37. Lastly, plaintiff alleges that the dismissal of her cases constitutes a violation of federal criminal law. *Id.* at ¶ 55.

As relief, plaintiff seeks to recover, among other things, a refund of the court filing fees paid in connection with her prior litigation and certain other monetary damages. *Id.* at Prayer for Relief.

---

[2] On October 29, 2014, the United States District Court for the Eastern District of New York dismissed plaintiff's quiet title lawsuit for lack of subject-matter jurisdiction. *See generally* Decision and Order, *Riley v. City of New York et al.*, No. 14-CV-4482 (E.D.N.Y. Oct. 29, 2014). On March 23, 2017, the United States District Court for the Eastern District of New York dismissed plaintiff's second claim to quiet title. *See generally* Order Adopting Report and Recommendations, *Riley v. Rivers et al.*, No. 15-CV-5022 (E.D.N.Y. March 23, 2017). On July 28, 2017, the United States District Court Middle District of Florida dismissed plaintiff's civil rights claims against all but one defendant in that case. *See generally* Order, *Riley v. Cardozo*, No. 3:16-cv-961-J-34MCR (M.D. Fla. July 28, 2017). On August 3, 2017, the United States District Court for the Middle District of Florida dismissed plaintiff's civil rights lawsuit for lack of personal jurisdiction and improper venue. *See generally* Order, *Riley v. Donatelli et al.*, No. 3:16-CV-898-J-34JBT (M.D. Fla. Aug. 3, 2017). Plaintiff's subsequent appeals of these matters were also dismissed. *See* Compl. at ¶¶ 56-63.

### B.     Procedural Background

On August 21, 2018, plaintiff filed the complaint in this matter. *See generally* Compl. On October 22, 2018, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot.

On November 9, 2018, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On November 26, 2018, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

These matters having been fully briefed, the Court resolves the government's motion to dismiss.

### III.    LEGAL STANDARDS

### A.     *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).

When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). And so, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Given this, the Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se*

4

litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citation omitted).

### B.    Jurisdiction And RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citing RCFC 12(h)(3)).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976).

To come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). And so, if the Court finds that the source of law alleged is not money-mandating, the Court must

dismiss the case for lack of subject-matter jurisdiction. *Fisher*, 402 F.3d at 1173; RCFC 12(b)(1).

Specifically relevant to this matter, it is well-established that the Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Federal Circuit has also held that this Court does not possess subject-matter jurisdiction to "scrutinize the actions of coordinate federal courts to determine whether their actions effected a taking." *Barth v. United States*, 76 F. App'x 944, 945 (Fed. Cir. 2003). And so, the proper forum for such scrutiny is the appellate courts. *Id.*

It is also well-established that this Court does not possess jurisdiction to review tort claims. *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010); *see also* 28 U.S.C. § 1491(a)(1); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."). In addition, this Court does not possess subject-matter jurisdiction to review or to consider criminal law matters. *Joshua*, 17 F.3d at 379 ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."); *Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters).

The Court also may not consider civil rights claims, because Congress has committed jurisdiction over claims brought pursuant to the Civil Rights Act to the United States district courts. *See* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."); *see also* 42 U.S.C. § 1981; *Cherbanaeff v. United States*, 77 Fed. Cl. 490, 502 (2007) ("Where Congress has granted exclusive jurisdiction in certain courts, these statutory provisions govern."). And so, the Court must dismiss any claim that is not based upon money-mandating source of law, sounds in tort; or arises under the Civil Rights Act or criminal code.

## IV.    LEGAL ANALYSIS

### A.    The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon the grounds that: (1) the Court may not review the decisions of other federal district courts; (2) the Court may not entertain plaintiff's claims against parties other than the United States; (3) the Court may not consider plaintiff's Civil Rights Act claims; (4) plaintiff's tort claims are jurisdictionally precluded; and (5) plaintiff's takings claims are jurisdictionally precluded. Def. Mot. at 5-8; Def. Reply at 1-2. In her response and opposition to the government's motion to dismiss, plaintiff counters that she has established subject-matter jurisdiction, because the Court may entertain her claims pursuant Article 2 of the United States Constitution and the Judiciary Act, ch. 20 §§ 32, 34. Pl. Resp. at 2, 7-8.

For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. And so, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint. RCFC 12(b)(1).

### 1.    The Court May Not Consider Plaintiff's
### Claims Against Parties Other Than The United States

As an initial matter, the Court may not entertain plaintiff's claims against the individually-named defendants in this action. In the complaint, plaintiff names, in addition to the United States, thirteen federal judges who presided over her various prior cases. Compl. at ¶ 2. It is well-established that the United States is the only proper defendant in cases brought in this Court. RCFC 10(a); *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (emphasis in original); *see Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007). And so, plaintiff may not pursue any of her claims against the individuals named in the complaint. RCFC 12(b)(1).

### 2.    The Court Does Not Possess Jurisdiction
### To Review The Decisions Of Other Courts

The Court also does not possess subject-matter jurisdiction to consider plaintiff's claims challenging the actions of other federal courts in connection with her prior litigation. In the complaint, plaintiff alleges, among other things, that the judges named as defendants in this

matter improperly dismissed her prior cases. *See* Compl. at ¶ 6 (alleging that the defendants "jointly or severally, unconstitutionally dismissed and severely damaged all four (4) . . . [of her] Complaints"). But, the Federal Circuit has long held that this Court does not possess subject-matter jurisdiction to review the decisions of district courts relating to proceedings before those courts. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (stating that the Court does not have jurisdiction to review the decisions of district courts); *see also Vereda, LTDA. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (noting that this Court is not an appellate tribunal, and does not have jurisdiction to review the decisions of district courts). In addition, the Court may not scrutinize the actions of other federal courts to determine whether the actions of other courts effected a taking of plaintiff's property. *Barth*, 76 F. App'x at 945. Because a review of the decisions of other courts is precisely the kind of relief that plaintiff seeks here, the Court must dismiss plaintiff's claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 3. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Civil Rights Act Claim

The Court is similarly without jurisdiction to consider plaintiff's claim arising under Section 1982 of the Civil Rights Act, because such a claim must be brought in a United States district court. In the complaint, plaintiff alleges that "[t]his case is about the unconstitutional Taking of Plaintiff's U.S.A. Bill of Rights' Inalienable Rights and U.S.A. Congressional rights [under the Civil Rights Act] *42 U.S.C. § 1982*." Compl. ¶¶ at 26, 28 (emphasis added). Plaintiff may not pursue a Section 1982 claim in this Court, because Congress has committed jurisdiction over claims brought pursuant to the Civil Rights Act to the United States district courts. *See* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."); *see also* 42 U.S.C. § 1981; *Cherbanaeff v. United States,* 77 Fed. Cl. 490, 502 (2007) ("Where Congress has granted exclusive jurisdiction in certain courts, these statutory provisions govern."). And so, the Court must dismiss plaintiff's Civil Rights Act claim for want of subject-matter jurisdiction. RCFC 12(b)(1).

**4.     The Court May Not Consider Plaintiff's Tort And Criminal Claims**

The Court must also dismiss plaintiff's tort and criminal law claims because these claims are jurisdictionally precluded under the Tucker Act.  28 U.S.C. § 1491(a).  In the complaint, plaintiff alleges that the United States negligently failed to hire, train, and supervise "law-abiding, competent, fair and impartial judicial officers, clerks of court and law clerks who can actually perform their duties."  Compl. at ¶¶ 35, 37.  Plaintiff also alleges that the individually-named defendants "acted in collusion, unconstitutionally or negligently failed to perform their judicial functions" by dismissing her cases.  *Id.* at ¶ 19.  Plaintiff's claims sound in tort. *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) ("Plaintiff's claims for monetary damages, which arise out of [the government's] alleged negligent and wrongful conduct . . . are claims clearly sounding in tort.").

It is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court.  28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez*, 96 Fed. Cl. at 204 ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims.") (citation omitted).  And so, the Court must dismiss plaintiff's tort claims for lack of subject-matter jurisdiction.  RCFC 12(b)(1).

In addition, to the extent that plaintiff alleges a criminal law claim in the complaint, the Court must also dismiss this claim.  *See Khalil v. United States*, 133 Fed. Cl. 390, 392 (2017).  In the complaint, plaintiff alleges that the defendants committed "patterns of prohibited criminal practices."  Compl. at ¶¶ 22, 30; *see id.* at ¶ 55 ("since entry of void orders/judgments is not a federal judicial function, there is no immunity for violation of constitutional rights or federal criminal laws").  This Court has recognized that it "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."  *Khalil*, 133 Fed. Cl. at 392 (quoting *Joshua*, 17 F.3d at 379); *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981) (stating matters of criminal law are to be assigned to courts of general jurisdiction as opposed to this court).  And so, the Court must also dismiss plaintiff's criminal law claim for want of subject-matter jurisdiction.  RCFC 12(b)(1).

**B.    Transfer Of This Matter To Another Court Is Not Warranted**

As a final matter, a careful reading of the complaint also makes clear that it is not in the interest of justice to transfer this matter to a United States district court.  Title 28, United States Code, Section 1631 provides, in pertinent part, that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought . . . .

28 U.S.C. § 1631; *see also* 28 U.S.C. § 610 (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade").  The Federal Circuit has also held that "[t]he phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (quoting *Zinger Const. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)).  And so, "[a] decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011) (quoting *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) (citation omitted); *see* 28 U.S.C. § 1631; *see also Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction).

The complaint in this case makes clear that plaintiff's claims relate to her dissatisfaction with the dismissal of her prior cases by other federal courts.  While plaintiff's dissatisfaction is understandable, the appropriate forum to address such concerns is the appellate courts.  And so, a transfer of this matter to a United States district court would be futile and not in the interest of justice.

**V.    CONCLUSION**

In sum, when read in the light most favorable to plaintiff, the complaint makes clear that plaintiff has not established that the Court possesses subject-matter jurisdiction to consider any

of her claims.  And so, the Court must dismiss this matter for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).

For the foregoing reasons, the Court:

1.  **GRANTS** the government's motion to dismiss; and
2.  **DISMISSES** the complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge